<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

_____ District of **Delaware**
                          (State)

Case number (*if known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

Scottish Holdings, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

5 2 – 2 2 3 4 4 0 8

**4. Debtor's address**

**Principal place of business**

14120 Ballantyne Corporate Pl. #300
Number        Street

Charlotte, NC 28277
City                State    ZIP Code

Mecklenburg
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                State    ZIP Code

**5. Debtor's website** (URL)

www.scottishre.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Scottish Holdings, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* | |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) | |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) | |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) | |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) | |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) | |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) | |
| | ☒ None of the above | |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check all that apply*: |
| |     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). |
| |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |     ☐ A plan is being filed with this petition. |
| |     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No |
| | ☐ Yes.   District _____   When _____   Case number _____ |
| |                       MM / DD / YYYY |
| |         District _____   When _____   Case number _____ |
| |                       MM / DD / YYYY |

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No |
| | ☒ Yes.   Debtor Scottish Annuity & Life Insurance Company (Cayman) Ltd.   Relationship Parent/Affiliate |
| |         District Delaware         When 01/28/2018 |
| |                                           MM / DD / YYYY |
| |         Case number, if known _____ |

Debtor     **Scottish Holdings, Inc.**
           _____          Case number _(if known)_ _____
           Name

**11. Why is the case filed in _this district_?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number          Street

                          _____

                          _____
                          City                                State      ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor __Scottish Holdings, Inc._____        Case number (if known)_____
       Name

**16. Estimated liabilities**

☐ $0-$50,000                    ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000             ☐ $10,000,001-$50 million       ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000            ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million          ☐ $100,000,001-$500 million     ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■  I have been authorized to file this petition on behalf of the debtor.

■  I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/28/2018__
            MM  / DD / YYYY

✗ _____        __Gregg Klingenberg_____
Signature of authorized representative of debtor        Printed name

Title __Chief Executive Officer__

**18. Signature of attorney**

✗ _/s/ Eric D. Schwartz_____        Date    __01/28/2018__
Signature of attorney for debtor                    MM   / DD / YYYY

__Eric D. Schwartz_____
Printed name
__Morris, Nichols, Arsht & Tunnell LLP_____
Firm name
__1201 N. Market Street, 16th Floor_____
Number        Street
__Wilmington_____    __DE__    __19801__
City                              State      ZIP Code

__(302) 658-9200_____    __eschwartz@mnat.com_____
Contact phone                   Email address

__3134_____    __DE__
Bar number             State

## CERTIFICATE AS TO RESOLUTIONS
## ADOPTED BY BOARD OF DIRECTORS
## OF SCOTTISH HOLDINGS, INC.

I, the undersigned, being duly elected as Secretary of Scottish Holdings, Inc., a Delaware corporation (the "Company"), do hereby certify that the following resolutions were unanimously adopted by the Board of Directors of the Company (the "Board") at a meeting of the Board held on January 25, 2018, and such resolutions have not been amended or rescinded and are now in full force and effect:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial condition of the Company on the date hereof; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and its equity, the creditors of the Company, and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of Chapter 11 of the Bankruptcy Code to implement a restructuring and sale of the Company; and it is

**FURTHER RESOLVED**, that any Officer be, and each hereby is, authorized and directed on behalf of the Company to execute and verify the Petition in the name of the Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Case") in such form and at such time as the Officer executing the Petition on behalf of the Company shall determine, such determination to be conclusively evidenced by the execution thereof by such Officer; and it is

**FURTHER RESOLVED**, that the retention of the law firm of Hogan Lovells US LLP ("Hogan Lovells") to represent the Company as general bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing the Petition and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Hogan Lovells; and it is

**FURTHER RESOLVED**, that the retention of the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") to represent the Company as general bankruptcy co-counsel and Delaware bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing the Petition and related

forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and it is

**FURTHER RESOLVED**, that the retention of the law firm of Mayer Brown LLP ("Mayer Brown") to represent the Company as special counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in connection with the sale of the Company, and other designated matters, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Mayer Brown; and it is

**FURTHER RESOLVED**, that the retention of Keefe, Bruyette & Woods, Inc. ("KBW"), to provide the Company with investment banking services on the terms set forth in its engagement letter with the Company's parent, Scottish Annuity & Life Insurance (Cayman) Ltd. ("SALIC"), is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of KBW; and it is

**FURTHER RESOLVED**, that in connection with the Chapter 11 Case, (a) the Board authorizes and approves the execution, delivery and performance of the Stock Purchase Agreement (the "SPA") between the Company and SALIC, on the one hand, and HSCM Bermuda Fund Ltd. (the "Purchaser"), on the other hand, substantially on the terms of the draft Stock Purchase Agreement, which has been provided to the Board, and with such changes thereto as the Officers or any of them executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the SPA, the "SPA Documents"), and (b) the Officers or any of them be, and hereby are, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the SPA Documents, as such Officers or any of them executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the SPA Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action; and it is

**FURTHER RESOLVED**, that in connection with the Chapter 11 Case, (a) the Board authorizes and approves the execution, delivery and performance of the Plan Sponsorship Agreement (the "PSA") between the Company and SALIC, on the one hand, and the Purchaser, on the other hand, substantially on the terms of the draft Plan Sponsorship Agreement, which has

2

been provided to the Board, and with such changes thereto as the Officers or any of them executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the PSA, the "PSA Documents"), and (b) the Officers or any of them be, and hereby are, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the PSA Documents, as such Officers or any of them executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the PSA Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action; and it is

FURTHER RESOLVED, that in connection with the Chapter 11 Case, the Board authorizes and approves the execution, delivery and performance of the Restructuring Implementation Agreement (the "RIA") among the Company and SALIC, on the one hand, and Scottish Re Group Limited (Joint Provisional Liquidators Appointed) ("SRGL"), on the other hand, substantially on the terms of the draft Restructuring Implementation Agreement, which has been provided to the Board, and with such changes as the Officers or any of them executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the RIA, the "RIA Documents"), and (b) the Officers or any of them be, and hereby are, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the RIA Documents, as such Officers or any of them executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the RIA Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action; and it is

FURTHER RESOLVED, that the Officers or any one of them be, and each hereby is, authorized to execute, deliver and file or cause to be executed, delivered and filed (or direct others to do so on their behalf as provided herein) all documents determined by any Officer to be necessary or appropriate, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other actions which he or she determines to be necessary and proper in connection with the Chapter 11 Case, such determination to be conclusively evidenced by the execution, delivery or filing thereof or the taking of any such other action by such Officer; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Officers or other agent of the Company (i) to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case or (ii) in connection with the SPA Documents, the PSA Documents, and the RIA Documents (all such documents, collectively, the "Restructuring Documents"), and any and all actions related to implementing the Restructuring Documents and the transactions contemplated thereby, are hereby adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

FURTHER RESOLVED, that the Officers or any one of them be, and each hereby is, authorized and empowered to prepare, execute and deliver for and on behalf of the Company (as a debtor and debtor in possession, as applicable), and to cause the Company to perform its

3

obligations under, such agreements, instruments, certificates and any and all other documents and amendments or other modifications necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, including, without limitation, (i) as may be contemplated by the Restructuring Documents, (ii) as otherwise may be determined to be necessary or appropriate by such Officer in connection with the transactions contemplated by the Restructuring Documents and the exercise or performance by the Company of its rights or obligations thereunder, or (iii) as may be determined to be necessary or appropriate by such Officer in connection with the conduct of the Chapter 11 Case, including, without limitation, any disclosure statement and/or other plan documents, containing such provisions, terms, conditions, covenants, warranties and representations as may be determined to be necessary or appropriate by the Officer or Officers so acting, such determination to be conclusively evidenced by the execution thereof by such Officer; and it is

      **FURTHER RESOLVED**, that the Officers or any one of them be, and each hereby is, authorized and empowered to engage such further accountants, counsel, consultants or advisors and to do such other acts and things as may be determined to be necessary or appropriate by the Officer or Officers so acting in order to fully effectuate the purpose and intent of the foregoing resolutions and to accomplish the transactions contemplated thereby, such determination to be conclusively evidenced by the retention or taking of any such action by such Officer; and it is

      **FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified.

      IN WITNESS WHEREOF, the undersigned has signed this Certificate as to Resolutions on this 27th day of January, 2018.

Katherine Billingham
Secretary

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **SCOTTISH HOLDINGS, INC.**, *et al.*, | Case No. |
| Debtors.[1] | Joint Administration Requested |

### <u>CORPORATE OWNERSHIP STATEMENT</u>

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") make this statement under Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure. The Debtors are each directly or indirectly wholly owned by non-debtor Scottish Re Group Limited. Affiliates of Cerberus Capital Management, L.P., and MassMutual Capital Partners LLC own and/or control, directly or indirectly, 100% of the voting shares of Scottish Re Group Limited.

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are as follows: Scottish Holdings, Inc. (4408) and Scottish Annuity & Life Insurance Company (Cayman) Ltd. (3285). The Debtors' mailing address for purposes of these chapter 11 cases is 14120 Ballantyne Corporate Place, Suite 300, Charlotte, NC 28277.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **SCOTTISH HOLDINGS, INC.**, *et al.*, | Case No. |
| Debtors.[1] | Joint Administration Requested |

## LIST OF EQUITY SECURITY HOLDERS

The above-captioned debtors and debtors in possession (the "Debtors") provide this list of equity security holders for each Debtor under Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Scottish Holdings, Inc. | | |
|---|---|---|
| *Holder of Equity Securities* | *Nature of Interests Held* | *Percentage Held* |
| Scottish Annuity & Life Insurance Company (Cayman) Ltd. Crown House, First Floor 4 Par-la-Ville Road Hamilton, HM 08, Bermuda | Common Stock | 100% |

| Scottish Annuity & Life Insurance Company (Cayman) Ltd. | | |
|---|---|---|
| *Holder of Equity Securities* | *Nature of Interests Held* | *Percentage Held* |
| Scottish Re Group Limited Crown House, First Floor 4 Par-la-Ville Road Hamilton, HM 08, Bermuda | Ordinary Shares | 100% |

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are as follows: Scottish Holdings, Inc. (4408) and Scottish Annuity & Life Insurance Company (Cayman) Ltd. (3285). The Debtors' mailing address for purposes of these chapter 11 cases is 14120 Ballantyne Corporate Place, Suite 300, Charlotte, NC 28277.

**Fill in this information to identify the case:**

Debtor name  Scottish Holdings, Inc., et al.

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                    (State)

Case number (If known):  _____

☐ Check if this is an
   amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 LargestUnsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim * |
| 1 | Wilmington Trust Corporation, as Indenture Trustee Rodney Square North 1100 North Market Street Wilmington, DE 19890-1600 | Michael H. Wass Tel: (302) 636-6398 Fax: (302) 636-4145 mwass@wilmingtontrust.com | Debentures | | | | $    61,248,313 |
| 2 | U.S. Bank National Association, as Indenture Trustee Global Corporate Trust Services 60 Livingston Ave EP-MN-WS1D St. Paul, MN 55107 | Benjamin J. Krueger Tel: (651) 466-5860 Fax: (651) 466-7401 benjamin.krueger@usbank.com | Debentures | | | | $    39,816,513 |
| 3 | U.S. Bank National Association, as Indenture Trustee Global Corporate Trust Services 60 Livingston Ave EP-MN-WS1D St. Paul, MN 55107 | Benjamin J. Krueger Tel: (651) 466-5860 Fax: (651) 466-7401 benjamin.krueger@usbank.com | Debentures | | | | $    25,025,241 |
| 4 | U.S. Bank National Association, as Indenture Trustee Global Corporate Trust Services 60 Livingston Ave EP-MN-WS1D St. Paul, MN 55107 | Benjamin J. Krueger Tel: (651) 466-5860 Fax: (651) 466-7401 benjamin.krueger@usbank.com | Debentures | | | | $    21,977,245 |
| 5 | BNY Mellon, Corporate Trust, as Indenture Trusteee 200 Ashford Center North Suite 550 Atlanta, GA 30338 | Lee Ann Willis Tel: (770) 698-5131 Fax: (770) 698-5195 Lee.Ann.Willis@bnymellon.com | Debentures | | | | $    12,506,585 |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

* Figures include principal and accrued interest through December 31, 2017.

Debtor _____
　　　　　　Name

Case number (*if known*) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **9** | | | | | | |
| **10** | | | | | | |
| **11** | | | | | | |
| **12** | | | | | | |
| **13** | | | | | | |
| **14** | | | | | | |
| **15** | | | | | | |
| **16** | | | | | | |
| **17** | | | | | | |
| **18** | | | | | | |
| **19** | | | | | | |
| **20** | | | | | | |

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td>Debtor Name</td><td>Scottish Holdings, Inc., et al.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of <strong>Delaware</strong><br>(State)</td></tr>
<tr><td>Case number (if known):</td><td></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* ____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration  Corporate Ownership Statement, Creditor Matrix, List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/28/2018
            MM / DD / YYYY

✗  _____
   Signature of individual signing on behalf of debtor

Gregg Klingenberg
Printed name

Chief Executive Officer
Position or relationship to debtor