IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SCOTTISH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10160 (LSS)<br><br>Jointly Administered<br><br>Hearing Date: April 25, 2018 at 10:00 am (ET)<br>Objection Deadline: April 17, 2018 at 4:00 pm (ET) |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF APPLEBY AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ADVISE ON CAYMAN ISLAND LAW AND THE CAYMAN ISLANDS WINDING UP PROCEEDING, *NUNC PRO TUNC* TO MARCH 13, 2018**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), submits this application (the "Application") for entry of an order authorizing the employment and retention of Appleby (Cayman) Ltd. ("Appleby"), *nunc pro tunc* to March 13, 2018 (the "Retention Date"), as special counsel to the Committee to advise on the laws and regulations of the Cayman Islands and the winding-up proceedings in the Cayman Islands commenced by Scottish Re Group Limited ("SRGL"). In support of this Application, the Committee relies on the Declaration of Tony Heaver-Wren in Support of the Application (the "THW Declaration"), attached hereto as **Exhibit A,** and the Declaration of Jennifer Nam (the "Nam Declaration"), as representative of Committee member Hildene Opportunities Master Fund, Ltd., in its capacity as Chair of the Committee, attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully states as follows:

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are as follows: Scottish Holdings, Inc. (4408) and Scottish Annuity & Life Insurance Company (Cayman) Ltd. (3285). The Debtors' mailing address for purposes of these chapter 11 cases is 14120 Ballantyne Corporate Place, Suite 300, Charlotte, NC 28277.

#47861369 v3

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The Committee confirms its consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et. seq.*, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## BACKGROUND

4. On January 28, 2018 (the "Petition Date"), each of the Debtors filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. The ultimate parent of the Debtors is SRGL, which is a holding company organized under the laws of the Cayman Islands. SRGL is not a Debtor in these chapter 11 cases, but rather has commenced voluntary winding-up proceedings in the Cayman Islands (the

"Cayman Islands Winding Up Proceeding") before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Islands Court") by filing a petition for its winding up under Cayman Islands law. The Cayman Islands Winding Up Proceeding is integrally incorporated into the sale and plan process proposed by the Debtors in these chapter 11 cases.

7. On February 20, 2018, the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a) (Docket No. 81). The Committee consists of three members: (i) Wilmington Trust Company, as Indenture Trustee, (ii) Hildene Opportunities Master Fund, Ltd., and (iii) Security Life of Denver Insurance Co.

8. On the Retention Date, the Committee selected Appleby to serve as its special counsel pursuant to Bankruptcy Code section 1103(a) to advise on the applicable laws and regulations of the Cayman Islands and issues related to the Cayman Islands Winding Up Proceeding.

**RELIEF REQUESTED**

9. By this Application, the Committee seeks the entry of an order authorizing the employment and retention of Appleby pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, *nunc pro tunc* to the Retention Date.

**RETENTION OF APPLEBY**

**Necessity For Employment**

10. The Committee seeks to retain Appleby as its special counsel because of Appleby's extensive experience and knowledge in the field of Cayman Island insolvency proceedings and Cayman elements of complex cross-border insolvency matters and restructuring transactions. Through its prior involvement in representing Hildene in connection with the Cayman Islands Winding Up Proceeding, Appleby is also familiar with many of the potential legal issues related to the services it will perform for the Committee in these chapter 11 cases.

#47861369 v3

Moreover, Appleby has experience providing legal counsel on non-US law to estate fiduciaries in its capacity as ordinary course professional to the debtors in various chapter 11 cases. *See e.g., In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y.) (D.I. 63) (British Virgin Islands counsel to the debtors); and *In re CHC Group LTD.*, Case No. 16-31854 (BJH) (Bankr. N.D. Tex.) (D.I. 126) (Cayman Islands counsel to the debtors).

11. In consideration of the foregoing, the Committee believes that Appleby is well qualified to represent the Committee in matters pertaining to Cayman Island law and the Cayman Islands Winding Up Proceeding. Accordingly, the Committee believes that Appleby is both well-qualified and uniquely able to represent it in these chapter 11 cases in an efficient and timely manner.

### Billing and Staffing Disclosures

12. The primary Appleby attorneys and paraprofessionals who will primarily staff this engagement, subject to modification depending upon further development, and their current standard hourly rates, are as set forth below:

| Name | Title | Hourly Rate (USD) |
|---|---|---|
| Tony Heaver-Wren | Partner | $1,025 |
| David Bulley | Counsel | $925 |
| Jeremy Snead | Senior Associate | $700 |
| Dean Bennett | Associate | $450 |

13. The Committee has approved Appleby's proposed rates. The Committee understands that, from time to time, it may be necessary for professionals and paraprofessionals employed by Appleby, other than those set forth above, to provide services to the Committee. The Committee further understands that the hourly rates reflected above are subject to periodic adjustments (typically on April 1 of each year) to reflect economic and other conditions.

#47861369 v3

### Services To Be Rendered

14. Appleby has advised the Committee that its professionals have considerable experience with Cayman Island laws and regulations and are particularly well-qualified to represent the Committee in these proceedings due to its familiarity with the Cayman Islands Winding Up Proceeding. The professional services that Appleby will render to the Committee include, but shall not be limited to, the following:

    a. advising the Committee regarding the Cayman Islands Winding Up Proceeding, including, but not limited to, Cayman Island laws and regulations that impact the Debtors' estates or otherwise affect the rights of the Debtors' unsecured creditors;

    b. assisting and representing the Committee with regard to any filings in the Cayman Islands Winding Up Proceeding;

    c. appearing in the Cayman Islands Court in connection with the Cayman Islands Winding Up Proceeding on behalf of the Committee, as applicable;

    d. advising the Committee on the relationships between the Debtors and SRGL; and

    e. perform such other services regarding the Cayman Islands Winding Up Proceeding or Cayman Island laws and regulations as may be required and which are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

15. The Committee has requested that Appleby immediately commence work on these chapter 11 cases because of the variety of pending matters in which the Committee has an interest. Accordingly, the Committee seeks this Court's approval of its retention of Appleby *nunc pro tunc* to the Retention Date, the first date on which Appleby performed services for the Committee.

## DISINTERESTEDNESS OF APPLEBY

16. To the best of the Committee's knowledge, except as set forth in the THW Declaration, Appleby, its partners, counsel and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates, and (d) are not related to any judge of this Court, the U.S. Trustee or any employee of the U.S. Trustee in this District.

17. Accordingly, the Committee believes that Appleby, its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and that Appleby's representation of the Committee is permissible under sections 328(a) and 1103(a) of the Bankruptcy Code.

18. Appleby will conduct continuing inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Appleby will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

## PROFESSIONAL COMPENSATION

19. Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain Appleby on any reasonable terms and conditions. The Committee submits that the most reasonable terms and conditions are those charged by Appleby to the Committee and other clients on an hourly basis in a competitive market for legal services. Therefore, the Committee and Appleby have agreed that Appleby shall be paid its customary hourly rates for services that are in effect from time to time, as set forth in the THW Declaration, and shall be reimbursed according to Appleby's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, for all services performed and expenses incurred from and after the Retention Date.

#47861369 v3

20. Appleby categorizes its billings by subject matter. Appleby agrees to charge, and the Committee has agreed that the Debtors' estates shall pay, subject to this Court's approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (D.I. 89), Appleby's standard hourly rates, as of the Retention Date, which are adjusted from time to time, and currently range from $700 to $1,100 for partners and counsel, $350 to $800 for associates and senior associates and $350 to $375 for paraprofessionals. Appleby is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees and transcript costs.

21. Appleby acknowledges that all amounts paid to Appleby during these chapter 11 cases are subject to final allowance by this Court. Appleby therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders relevant thereto for all services performed and expenses incurred from and after the Retention Date.

22. No arrangement is proposed between the Committee and Appleby for compensation to be paid in these chapter 11 cases other than as set forth above and in the THW Declaration.

### BASIS FOR RELIEF

23. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code, subject to court approval:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

24. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

25. The terms of this engagement were negotiated by the Committee and Appleby at arm's-length and in good faith. The Committee and Appleby respectfully submit that the terms of Appleby's retention are customary and reasonable for counsel engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors and all parties-in-interest.

## NOTICE

26. Notice of this Application has been provided to the following parties: (i) the Office of the U.S. Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

27. No prior motion or application for the relief requested herein has been made to this or any other court.

#47861369 v3

WHEREFORE, the Committee requests that an order, substantially in the form attached hereto as **Exhibit C**, be entered authorizing it to retain Appleby to represent it in these proceedings, *nunc pro tunc* to the Retention Date, and providing the Committee such other and further relief as the Court may deem just and proper.

Dated: April 3, 2018

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SCOTTISH HOLDINGS, INC., *ET AL.*

By: Hildene Opportunities Master Fund, Ltd., solely in its capacity as Chair of the Committee

By: Hildene Capital Management, LLC, its investment manager

By: _____
Name: Jennifer Nam
Title: Deputy General Counsel and
Primary Representative of Chair