**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SCOTTISH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10160 (LSS)<br><br>Jointly Administered<br><br>Related Docket No. 724 & 733 |

**ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO**
**CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

UPON THE MOTION of the Official Committee of Unsecured Creditors (the "Motion")[2] for entry of an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, and the Court having considered the Motion and all related filings, and this Court possessing jurisdiction over this matter and venue being proper, and notice of the Motion having been sufficient and no further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Debtors' chapter 11 cases are hereby converted to cases under chapter 7 of the Bankruptcy Code.

3. The Debtors shall:

    a. forthwith turn over to the chapter 7 trustee all records and property of the estates under their custody and control, as required by Bankruptcy Rule 1019(4); and

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are as follows: Scottish Holdings, Inc. (4408) and Scottish Annuity & Life Insurance Company (Cayman) Ltd. (3285). The Debtors' mailing address for purposes of these chapter 11 cases is 11006 Rushmore Drive, Suite 125, Charlotte, NC 28277.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-2-

        b.      within 15 days of the date of this Order file a schedule of unpaid debts incurred after commencement of the bankruptcy cases including the name and address of each creditor, as required by Bankruptcy Rule 1019(5)(A)(i), subject to Debtors' right to seek extension of the time to comply with this obligation;

        c.      within 30 days from the date of this Order, file and transmit to the U.S. Trustee a final report and account (the "<u>Final Report and Account</u>"), as required by Bankruptcy Rule 1019(5)(A)(ii), subject to Debtors' right to seek extension of the time to comply with this obligation; and

        d.      file the following as required by Bankruptcy Rule 1019(5)(C)(i)-(iii):

        (i)      a schedule of property not listed in the Final Report and Account acquired after commencement of the bankruptcy cases;

        (ii)      a schedule of unpaid debts not listed in the Final Report and Account incurred after confirmation of the plan; and

        (iii)      a schedule of executory contracts and unexpired leases entered into or assumed after commencement of the bankruptcy cases.

4.      A representative of the Debtors shall appear at the First Meeting of Creditors to be held pursuant to Bankruptcy Code section 341(a) and 343.

5.      As of the date hereof, all causes of action of the Debtors and their estates shall vest in the chapter 7 trustee.

6.      Within sixty (60) days of entry of this Order (the "<u>Professional Fee Bar Date</u>"), the professionals retained in these Chapter 11 cases (the "<u>Chapter 11 Professionals</u>") shall file final applications for compensation (in each case, "<u>Professional Fees</u>"). A hearing on

such timely filed final applications shall be held before this Court at a date and time to be scheduled no later than the earlier of thirty (30) days after the filing of all final fee applications or ninety (90) days after entry of this Order.

7. The Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 89] (the "Interim Compensation Order") is hereby vacated with respect to the unpaid portion of any pending Monthly Fee Applications or Interim Fee Application Requests, both as defined in the Interim Compensation Order; provided, however, that notwithstanding the preceding language the advance retainers of Morris, Nichols, Arsht & Tunnell LLP of $144,509.81, Hogan Lovells US LLP of $101,807.50, and Mayer Brown LLP of $109,758.85, may be applied to the unpaid portion of any filed and pending Monthly Fee Applications (i.e., 80% of unpaid fees and 100% of unpaid expenses). For the avoidance of doubt, nothing in this Order shall affect the rights of any professionals retained in these Chapter 11 cases to assert claims on the unpaid portion of any fees and costs, including without limitation with respect to any pending Monthly Fee Applications or Interim Fee Application Requests, upon conversion of these Chapter 11 cases.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: April 16th, 2019
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

#52517710 v3